EARL WILLIAMETZ ET AL. *v.* IRVING H. LAMPMAN ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 144855

Memorandum filed May 18, 1966

*Vincent J. Giedraitis,* of Hartford, for the plaintiffs.

*Cooney & Scully,* of Hartford, for defendants Bernard I. Friedman, Joseph X. Friedman, and Clifton, Inc.

PALMER, J. The first count of the plaintiffs' complaint alleges that on September 10, 1959, the defendant Clifton, Inc., hereinafter called Clifton, entered into a contract with the defendant Lampman for the construction of a certain roadway or roadways and other work in connection with Croydon Drive. On the same day the plaintiffs entered into a contract with defendant Lampman for certain work to be performed in connection with the above-mentioned contract between defendant Clifton and defendant Lampman. On September 16, 1959, the plaintiffs undertook to supply certain labor and/or materials in connection with its contract. The work was performed and materials were delivered at the request of the defendants and constituted a benefit to them for which they expected to pay and for which the plaintiffs expected to be paid.

Whatever factual situation may develop upon the trial of this case, for the purposes of the demurrer to the first count we are limited to the allegations

of the first count. The plaintiffs allege the performance of work and the delivery of materials *"at the request of"* all three defendants. (Italics supplied.) "In the absence of circumstances indicating otherwise, it is inferred that a person who requests another to perform services for him thereby bargains to pay for the services rendered." 58 Am. Jur. 512, Work and Labor, § 3; Restatement, Restitution § 107 (2); 98 C.J.S., Work and Labor, § 11 (b).

As the first count clearly alleges a cause of action for work done and materials furnished, the defendants' demurrer thereto must be, and it hereby is, overruled.